UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN WALTER CRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-01049 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| JUDGE f/n/u BROTHERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

Plaintiff John Walter Crump is a resident of Nashville, Tennessee. He brings this *pro se* action against Judge f/n/u Brothers and the Sixth Circuit 20th Judicial District Court (Docket No. 1), alleging that the defendants are attempting to deprive the plaintiff of his federal constitutional right to a jury trial in state court.

The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2). A review of the plaintiff's application to proceed *in forma pauperis* shows that he has insufficient financial resources to pay the filing fee in this action. Therefore, the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

The Court can infer from the complaint that the plaintiff is involved in a state court action before Judge Thomas Brothers in the 20th Judicial District Court in Nashville, Tennessee. The complaint alleges that Judge Brothers signed an order in the plaintiff's case requiring the parties to mediate. The plaintiff states that he has a right to a jury trial, and he wishes to exercise that right. The plaintiff asks this court to stop the mediation that Judge Brothers ordered for November 1, 2011, and to set the plaintiff's state court action for a jury trial. (Docket No. 1 at pp. 2-3).

1

The abstention doctrine counsels federal courts to abstain from hearing challenges that involve pending state proceedings, where interference by federal courts would disrupt the comity between federal and state courts. *See Younger v. Harris*, 401 U.S. 37, 37-38 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *see Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Abstention in favor of state courts is proper where: (1) state proceedings are ongoing; (2) an important state interest is implicated; and (3) there is adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Tindall*, 269 F.3d at 538; *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). If, however, a plaintiff demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or other unusual circumstances, then a federal court may decline to abstain. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

Based on the allegations in the complaint, the state court proceedings about which the plaintiff complains are ongoing. Although the court is unaware of the nature of the allegations raised by the plaintiff in the state action, the plaintiff does not claim that he was prevented in any way from bringing his constitutional challenges to the order of mediation to Judge Brothers' attention in state court. In fact, the plaintiff has not alleged that he even attempted to bring his concerns before the state court. On the contrary, it appears that the plaintiff opted to challenge Judge Brothers' order by filing a federal lawsuit. Finally, the plaintiff does not allege bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance that would justify the court disregarding the *Younger* abstention doctrine.

For the reasons explained above, this action is **DISMISSED WITHOUT PREJUDICE** under the *Younger* abstention doctrine. *See Watts v. Burkhart* 854 F.2d 839, 844 (6th Cir. 1988)(the

*Younger* abstention doctrine contemplates the outright dismissal of the federal suit). To the extent that the plaintiff is asking the court to intervene in a pending state court action, it cannot do so.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

_____
Kevin H. Sharp
United States District Judge